```
 1  MELINDA HAAG (CABN 132612)
    United States Attorney
 2
    DAVID R. CALLAWAY (CABN 121782)
 3  Chief, Criminal Division

 4  ALEXANDRA P. SUMMER (CABN 266485)
    Assistant United States Attorney
 5       450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
 6       Telephone: (415) 436-7200
         Fax: (415) 436-7234
 7       alexandra.summer@usdoj.gov

 8  Attorneys for United States of America
```

FILED

AUG -4 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ADELL BURRELL, <br><br> Defendant. | CASE NO. CR 13-00193 YGR <br> CASE NO. CR 15-70914 MAG <br><br> [PROPOSED] ORDER OF DETENTION |

Defendant Adell Burrell was convicted in Case No. CR 13-00193 YGR of distribution of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). He commenced a six-year term of supervised release in that case on December 5, 2014. He has been charged in a Form 12 signed on July 20, 2015, with violation of the condition that he shall not commit another federal, state, or local crime, as well as the condition that he shall not leave the district without permission. In addition, the defendant was arrested under Federal Rule of Criminal Procedure 5 in Case No. CR 15-70914 MAG based on charges filed against him in the District of Colorado. The defendant is charged in that district by superseding indictment with conspiracy to commit robbery affecting commerce (18 U.S.C. § 1951(a)), robbery affecting commerce (18 U.S.C. § 1951(a)), and use of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)) (District of Colorado Case No. CR 15-

00127 RM).

Under Federal Rule of Criminal Procedure 32.1(a)(6), the defendant has a burden in Case No. CR 13-00193 YGR to establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. In addition, in Case No. CR 15-70914 MAG, given the charge of use of a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)) in the District of Colorado, there is a rebuttable presumption under 18 U.S.C. § 3142(e)(3)(B) that no conditions or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. On August 3, 2015, the Court conducted a detention hearing pursuant to 18 U.S.C. § 3142, and considered the arguments of counsel, the positions of both the Pretrial Office and the Probation Office, and the factors set forth in 18 U.S.C. § 3142(g). The Court ordered the defendant detained in both cases, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the defendant as required and the safety of community.

Specifically, the burden has not been met and the presumption not rebutted by the defendant. The Court noted the defendant's conviction in Case No. CR 13-00193, as well as the fact that the alleged conduct happened almost immediately after his release from custody for that conviction. The Court [with respect to the nature and circumstances of the charge,] noted that the alleged conduct involved robbery at gunpoint and that the evidence against him includes evidence of his phone traveling to Denver, the area of the jewelry store that was robbed, and then traveling back to the Bay Area with his co-defendants. The defendant did not present sureties that had adequate moral suasion to prevent the defendant from being a danger to the community, and it appears that one of the proposed sureties [may have] assisted the defendant in not being immediately apprehended. Therefore, the Court stated that the danger to the community presented by the defendant cannot be adequately mitigated, nor the risk of non-appearance given the evidence that the defendant left the district without permission. Thus, Defendant Adell Burrell is ordered detained pending the resolution of the Form 12 matter in this district, and pending his appearance before the Colorado court on the superceding indictment.

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. 18 U.S.C. § 3142(i)(3). On order

of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for court appearances. 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: August 4, 2015

HON. DONNA M. RYU
United States Magistrate Judge